## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITISH JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-725** |
| **CHAD LEE** | **SECTION: "T"(1)** |

## REPORT AND RECOMMENDATION

Petitioner, British James, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

On December 3, 2008, petitioner was convicted of manslaughter under Louisiana law.[1] On January 15, 2009, he was sentenced to a term of twenty-five years imprisonment.[2] On February 11, 2011, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3] He did not seek further direct review.[4]

On July 11, 2019, petitioner filed with the state district court a "Motion to Reconsider or Amend or Modify to Reduce Sentence."[5] That motion was denied on July 31, 2020.[6]

---

[1] State Rec., Vol. 4 of 5, transcript of December 3, 2008, p. 120; State Rec., Vol. 2 of 5, minute entry dated December 3, 2008; State Rec., Vol. 1 of 5, jury verdict form.

[2] State Rec., Vol. 4 of 5, transcript of January 15, 2009; State Rec., Vol. 2 of 5, minute entry dated January 15, 2009.

[3] State v. James, No. 2010 KA 1206, 2011 WL 2118874 (La. App. 1st Cir. Feb. 11, 2011); State Rec., Vol. 1 of 5.

[4] See Rec. Doc. 1, pp. 2-3, answers to Questions 9(g) and 9(h).

[5] State Rec., Vol. 1 of 5. Federal habeas courts apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to this motion, the Court has simply used the signature date as the filing date, in that the motion was obviously placed in the mail no earlier than the date on which it was signed. See United States v. Minor, 582 F. App'x 315, 316 (5th Cir. 2014); Estes v. Boutté, Civ. Action No. 19-2289, 2020 WL 1990823, at *2 (E.D. La. Mar. 6, 2020), adopted, 2020 WL 1984331 (E.D. La. Apr. 27, 2020); Crochet v. Goodwin, Civ. Action No. 13-3106, 2014 WL 5093995, at *2 n.10 (E.D. La. Oct. 8, 2014); Thornton v. Terrell, Civ. Action No. 09-1631, 2009 WL 4855743, at *1 n.1 (E.D. La. Dec. 4, 2009).

[6] State Rec., Vol. 1 of 5, Order dated July 31, 2020.

On or about November 17, 2020, petitioner then filed with the state district court a "Writ of Habeas Corpus."[7]  That application was denied on December 1, 2020,[8] and his related writ applications were denied by the Louisiana First Circuit Court of Appeal on February 18, 2021,[9] and the Louisiana Supreme Court on May 4, 2021.[10]

On or about October 29, 2021, petitioner filed the instant federal application seeking habeas corpus relief.[11]  The state has filed a response arguing that the application is untimely.[12]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[7] State Rec., Vol. 1 of 5.  This application was undated; however, it was filed into the record by the clerk of court on November 17, 2020.

[8] State Rec., Vol. 1 of 5, Order dated December 1, 2020.

[9] State v. James, No. 2020 KW 1278, 2021 WL 640582 (La. App. 1st Cir. Feb. 18, 2021); State Rec., Vol. 2 of 5.

[10] State v. James, 315 So. 3d 206 (La. 2021); State Rec., Vol. 2 of 5.  On October 1, 2021, the Louisiana Supreme Court refused to consider his request for reconsideration.  State v. James, 324 So. 3d 1052 (La. 2021); State Rec., Vol. 2 of 5.

[11] Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Although that date is not apparent from the record, the application was mailed to the Clerk of Court for the United States District Court for the Middle District of Louisiana in an envelope postmarked on October 29, 2021, and stamped as being received by the Clerk on November 1, 2021.  The matter was subsequently transferred to this Court.  Rec. Doc. 4.

[12] Rec. Doc. 13.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because petitioner does not allege the existence of a state-created impediment, a newly recognized constitutional right, or a newly discovered factual predicate, Subsections B, C, and D are inapplicable in the instant case. Accordingly, Subsection A controls, and so his federal limitations period commenced when his state court judgment became final.

With respect to determining that date of finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). **However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."** Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. **As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.** See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

Here, as noted, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence on February 11, 2011.[13] Under Louisiana law, he then had thirty days in which to seek further direct review by filing a writ application with the Louisiana Supreme Court. Louisiana Supreme Court Rule X, § 5(a). Because he filed no such writ application,[14] his state criminal judgment became final for the purposes of this federal proceeding no later than March 14, 2011.[15] Accordingly, his period for seeking federal habeas corpus relief commenced on that date and then expired one year later on **March 14, 2012**, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the limitations period set forth in § 2244(d)(1), federal law provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But because petitioner had no such applications pending in the state courts at any time during the one-year limitations period, he is not entitled to statutory tolling.[16]

The Court next considers equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.

---

[13] State v. James, No. 2010 KA 1206, 2011 WL 2118874 (La. App. 1st Cir. Feb. 11, 2011); State Rec., Vol. 1 of 5.

[14] See Rec. Doc. 1, pp. 2-3, answer to Question 9(g).

[15] Because the thirtieth day of the thirty-day period fell on a Sunday in this case, petitioner had until Monday, March 14, 2011, to file a writ application. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[16] Although petitioner subsequently sought state collateral review in 2019 and 2020, state court applications filed after expiration of the federal limitations period are of no consequence for tolling purposes. Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling, <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002), and the Supreme Court has held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing," <u>Holland</u>, 560 U.S. at 649 (internal quotation marks omitted). In the instant case, petitioner has made no attempt whatsoever to make either of those showings, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Finally, the Court notes that a petitioner can overcome the AEDPA's statute of limitations by making a convincing claim of "actual innocence" under <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013). In <u>Perkins</u>, the United States Supreme Court held:

> This case concerns the "actual innocence" gateway to federal habeas review applied in <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and further explained in <u>House v. Bell</u>, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). In those cases, a convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims. Here, the question arises in the context of 28 U.S.C. § 2244(d)(1), the statute of limitations on federal habeas petitions prescribed in the Antiterrorism and Effective Death Penalty Act of 1996. Specifically, ... can the time bar be overcome by a convincing showing that [the petitioner] committed no crime?
> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in <u>Schlup</u> and <u>House</u>, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." <u>Schlup</u>, 513 U.S., at 329, 115 S.Ct. 851; see <u>House</u>, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the <u>Schlup</u> standard is "demanding" and seldom met).

<u>Perkins</u>, 569 U.S. at 386.

In the instant case, petitioner has not invoked Perkins.  However, in the event he does so in any objections to this Report and Recommendation, the undersigned finds that he has not made the showing required under Perkins for the following reasons.

In assessing a claim of actual innocence, a court normally first examines the evidence presented at trial and on which the petitioner's conviction was based.  See, e.g., Johnson v. Cain, Civ. Action No. 14-543, 2015 WL 4528889, at *3 (E.D. La. July 27, 2015), aff'd, 667 F. App'x 474 (5th Cir. 2016); Lyles v. Tanner, Civ. Action No. 13-655, 2014 WL 4674673, at *6 (E.D. La. Sept. 17, 2014).  In the instant case, petitioner was tried on a charge of second degree murder and convicted by a jury of the lesser offense of manslaughter.  The Louisiana First Circuit Court of Appeal summarized the evidence regarding that offense as follows:

> On December 9, 2007, the defendant and several other individuals, including Jarrett Scott (the victim), were involved in a physical altercation in front of the victim's home.  The testimony presented at the trial established that the men were all friends.  They had a history of fighting and making up.  At some point, the altercation ended and the defendant left the area.  He later returned to the area armed with a gun.  When the victim saw the defendant approaching, the victim ran towards him, to continue the fight.  The defendant fired several shots at the unarmed victim.  The victim was fatally injured by a bullet wound to the neck.
>
> Shortly after the shooting, the defendant contacted the Terrebonne Parish Sheriff's Office and advised that he had shot the victim.  The defendant was arrested.  During an audiotaped statement, the defendant claimed he did not intend to shoot the victim.  He claimed he shot in the air in an effort to scare the victim.  At the trial, the defendant presented a theory of self-defense.[17]

At the next step of an "actual innocence" analysis, a federal court considers the **new** evidence of actual innocence offered by the habeas petitioner.  Specifically, the United States Supreme Court has explained that, in order to assert a credible claim of actual innocence, a

---

[17] State v. James, No. 2010 KA 1206, 2011 WL 2118874, at *1 (La. App. 1st Cir. Feb. 11, 2011); State Rec., Vol. 1 of 5.

petitioner is required "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

Here, however, petitioner has presented no new evidence of any kind. Without such evidence, he simply cannot meet even "the threshold requirement" for <u>Perkins</u> to apply, i.e. a showing that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" <u>Perkins</u>, 569 U.S. at 386 (quoting <u>Schlup</u>, 513 U.S. at 329). Accordingly, <u>Perkins</u> does not aid him.

In summary: Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the <u>Perkins</u> "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than **March 14, 2012**, in order to be timely. Because his application was not filed until more than **nine years** later in **2021**, it was untimely.

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by British James be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 18th day of July, 2022.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**